By the Court*

Every man who undertakes an office, ought to perform the duties of it strictly, and to use all due diligence and care in the execution of it; particularly a sheriff, who is an officer of great trust 5 and if ant’ man, on account of Ms omission or neglect, suffer by it, he is liable in damages. But on the oilier hand, where he discharges Ms duty faithfully, he is highly protected in law. in die present case, the law has been very properly stated on behalf of the defendant. If a sheriff takes as bail, a man who is notoriously insolvent, in doubtful circumstances, or r, iih-out a fixed residence, or the like, he is answerable. Bur where, aman is a householder, in apparent good circumstances, to refuse such a man as bail, would be an abuse of office, for which he would be answerable. Here it does not appear that the sheriff acted improperly in taking the bail he did. As to the other ground, if the jury should be of opinion that the plaintiff lost his money by the assurances *324 of the sheriff that he had enough in his hands to pay the debt, they may charge him; but if it was only a conjecture that he would have so much, or if the funds were such that he could not detain them, it would tbe hard to make him liable.
Verdict for defendant.